<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL</td></tr>
<tr><td>GBCOMP, LLC<br><br>Apelante<br><br>v.<br><br>AON RISK SOLUTIONS OF PUERTO RICO, INC.<br><br>Apelado</td><td>KLAN202500475</td><td>*Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Incumplimiento Contractual, Daños y Perjuicios, Cobro de Dinero y otros<br><br>Civil Núm. SJ2024CV02273</td></tr>
</table>

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de octubre de 2025.

GBComp, LLC (en adelante, GBC o apelante) comparece ante nos y solicita la revocación de la *Sentencia* emitida el 25 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI).[1] Mediante el referido dictamen se desestimó la demanda incoada por GBC.

Evaluada la totalidad del expediente, **confirmamos** la *Sentencia* apelada. Veamos los fundamentos.

**-I-**

El **7 de marzo de 2025**, GBC incoó una demanda contra AON Risk Solutions of Puerto Rico, Inc. (en adelante, AON o apelada) sobre incumplimiento contractual, cobro de dinero, sentencia declaratoria de nulidad/anulación del contrato, sentencia declaratoria de reajuste equitativo, responsabilidad por actos

---

[1] Notificada el 28 de abril de 2025.

precontractuales, responsabilidad por actos *post* contractuales y enriquecimiento injusto.[2] Según surge de la demanda, GBC desarrolló una interacción comercial con la empresa de telecomunicaciones T-Mobile Puerto Rico (en adelante, T-Mobile) junto a su socio de negocio Insurance Depot. Ambas corporaciones crearon una relación de confianza en los servicios y productos de seguros que mediante su intervención apoyaban los objetivos que T-Mobile interesaba evaluar y considerar de otras empresas. De acuerdo con la apelante, AON intentó por 12 años crear una relación de negocios con T-Mobile sin haber obtenido la adjudicación de una contratación. A raíz de ello, surgieron conversaciones entre GBC y AON con el fin de desarrollar una relación contractual entre ellos, en la cual, la apelada pudiese lograr acceso a la gerencia de T-Mobile a través de la relación comercial creada y establecida entre GBC e Insurance Depot.

Continuó indicando que el 27 de enero de 2021, las partes de epígrafe suscribieron un contrato titulado *"Independent Contractor Agreement"* (en adelante, Contrato). El mismo tenía un plazo de duración de tres (3) años, comenzando el 1 de enero de 2021 y culminando el 31 de diciembre de 2023. GBC alegó que en cumplimiento con sus prestaciones, le remitió a AON una serie de documentos confidenciales sobre el manejo de los programas de beneficio y administración de licencias. Además, le envió por correo electrónico unos indicadores financieros, un escrito estratégico y sugerencias para el arreglo de cotización para presentarlos a T-Mobile. Posteriormente, GBC y AON se reunieron con gerenciales de T-Mobile para promocionar los productos y ofrecimientos de la parte apelada. Como resultado de ello, GBC alega que AON recibió una invitación de T-Mobile para participar del proceso de *Request for*

---

[2] Apéndice 1 de la *Apelación,* a las págs. 1-38.

*Proposal* (en delante, RFP), en la que la apelada resultó ser el suplidor agraciado. Aunque en múltiples ocasiones GBC intentó comunicarse con AON, sus esfuerzos fueron infructuosos. Finalmente, el 31 de agosto de 2023 GBC y AON sostuvieron una reunión virtual. Allí, la apelada le informó que no la integraría en su relación profesional con T-Mobile. Ante esa decisión, GBC reclamó que, —los actos y omisiones de cumplimiento contractual, falsas representaciones, mala fe, dolo, engaño e inducción en error durante el periodo precontractual y post contractual de AON— le ocasionaron serios daños y perjuicios económicos, menoscabo financiero, pérdidas de oportunidad de mercado, de reputación y plusvalía.

El **10 de junio de 2024**, AON presentó una *Moción de Desestimación* solicitando la desestimación de la demanda en su totalidad.[3] Alegó que las siete (7) causas de acción incoadas en su contra se reducían, esencialmente, a cuatro (4) reclamaciones; a saber: **(1)** que AON incumplió con el Contrato y le debe un porcentaje de supuestas comisiones ganadas como *bróker* de T-Mobile, además de daños y perjuicios; **(2)** que el consentimiento de GBC estuvo viciado mediando mala de, dolo, engaño y error, por lo que solicitaba la anulación del Contrato o su reajuste para eliminar ciertas cláusulas, la nulidad del Contrato o su ajuste equitativo; **(3)** que AON incurrió en responsabilidad precontractual por medio de dolo, mala fe, engaño y error; y **(4)** que AON se enriqueció injustamente.

En cuanto a reclamaciones extracontractuales por supuestas responsabilidades en la etapa de negociación del contrato, AON adujo que estaban prescritas, ya que había pasado más de un (1) año desde que GBC pudo haber instado tal acción. Referente a la reclamación de enriquecimiento injusto, arguyó que era

---

[3] Apéndice 5 de la *Apelación,* a las págs. 46-57.

imprecedente como cuestión de derecho, ya que, tal y como surgía de las alegaciones, AON no se enriqueció de GBC. Añadió que la existencia de un contrato entre AON y GBC hacía inaplicable la doctrina de enriquecimiento injusto. En lo que respecta a las reclamaciones por dolo o por inducir a error, adujo que no estaban sustentadas en hechos bien alegados y mucho menos con la particularidad exigida por las Reglas 10. 2 de Procedimiento Civil, *infra.* Incluso, arguyó que las reclamaciones basadas en incumplimiento contractual eran inmeritorias ya que había una cláusula en el Contrato que excluía a GBC de recibir comisión en casos que hubiese una relación preexistente con alguna afiliada de AON.

De otro lado, AON argumentó que su relación con T-Mobile no estaba sujeta al Contrato, ya que dicha relación surgió a raíz del RFP en el que AON resultó ser la agraciada. Arguyó que dicha relación era ajena a la contratación habida entre AON y GBC. Inclusive, AON señaló que en el Contrato no se menciona a T-Mobile. La apelada hizo hincapié que de la *Demanda,* GBC reconoce que la relación contractual entre T-Mobile y AON es producto del RFP. También, argumentó que el TPI debía desestimar cualquier reclamación por concepto de compensación **posterior** al 2023, fecha en que concluyó el Contrato. Su razonamiento estribaba en que, contrario a los argumentos de GBC, *"el derecho del cobro del porciento de división de comisión por cubiertas de seguro y/o productos de seguro comenzados durante el término del Contrato"* no sobrevive el término contractual ya prescrito.

El **1 de julio de 2024**, GBC presentó su *Oposición.*[4] Reiteró que AON se benefició de su relación con T-Mobile y luego le excluyó de dicha contratación. Recalcó que las causas de acción incoadas

---

[4] Apéndice 7 de la *Apelación,* a las págs. 59-72.

no eran extracontractuales, sino contractuales por lo que el término prescriptivo de un (1) año no le aplicaba. Sobre este particular, insistió en que conoció del daño en agosto de 2023, por lo cual, su demanda en marzo de 2024 interrumpió el término prescriptivo. Por otro parte, GBC apuntó que el propósito principal del Contrato era que AON tuviese una relación con T-Mobile. Que, de no haber mediado dolo, engaño, mala fe o inducción a error, GBC no hubiese contratado con AON.

El **1 de agosto de 2024**, AON presentó su *Réplica*.[5] Señaló que la jurisprudencia dispone que las reclamaciones por acciones u omisiones en la etapa precontractual son de naturaleza extracontractual. Por lo que, el término prescriptivo de un (1) año sí era aplicable. En cuanto a la fecha en que GBC conoció del daño, AON argumentó que la apelante conocía del daño desde el 2022. Añadió que GBC no presentó alegaciones que demostraran la interrupción del término prescriptivo. Además, recalcó que la doctrina de enriquecimiento injusto no era aplicable al caso, ni siquiera como argumento alternativo. De igual modo, argumentó que GBC no alegó hechos que describieran las circunstancias que constituyeron el alegado dolo o la inducción a error de AON. Finalmente, arguyó que en la demanda no se alegaron hechos que justificaran la concesión de un remedio por responsabilidad precontractual, *post* contractual ni por incumplimiento contractual.

El **25 de abril de 2025**, el TPI emitió la *Sentencia* apelada.[6] **En cuanto a la primera causa de acción por incumplimiento contractual**, determinó que del contrato en controversia se desprendía de manera clara y sin duda alguna cuál era la intención de las partes. Entiéndase, que los términos y condiciones pactados estaban libres de ambigüedades y no requerían de interpretación ni

---

[5] Apéndice 1 de la *Apelación,* a las págs. 74-86.
[6] Apéndice 1 de la *Apelación,* a las págs. 97-125.

demostración para su compresión. Por lo que las entendió en su sentido literal y razonó que, contrario a lo alegado por GBC, el propósito del Contrato no era que AON lograra acceso a la gerencia de T-Mobile mediante la relación prexistente con GBC. Inclusive, indicó que T-Mobile no aparece en ninguna parte del Contrato. Por lo que, las alegaciones de GBC en ese sentido eran incorrectas. También, resolvió que los servicios por los que T-Mobile contrató a AON no estaban dentro del ámbito de las comisiones pactadas en el Contrato. En específico, la relación contractual entre T-Mobile y AON era producto del RFP. Además, la división de comisiones se acordó por el término de la duración del Contrato. Esto es, los años 2021, 2022 y 2023. Por todo esto, el TPI concluyó que no hubo incumplimiento contractual por parte de AON.

**En lo referente a la causa de acción sobre cobro de dinero**, el TPI indicó que el único derecho a compensación de GBC, según dispuesto en el Contrato, era por la comisión devengada en la contratación de Cubiertas de Seguros/Productos. Lo cual no sucedió en el caso de epígrafe. Por lo que, GBC no tenía derecho a cobrar dinero por dichas prestaciones.

**En cuanto a la tercera causa de acción sobre sentencia declaratoria de nulidad/ anulación de contrato**, el TPI resolvió lo siguiente:

> De las propias alegaciones se desprende que, así como GBC no hubiese contratado con Aon Risk de haber sabido que una de sus afiliadas tenía una relación preexistente con T-Mobile, Aon Risk tampoco hubiese contratado con GBC. Entiéndase, si el verdadero propósito del Contrato era entrar en relación con T-Mobile, de Aon Risk tener una afiliada con una relación previa con T-Mobile de la cual se pudiera a beneficiar, entonces no habría por qué entrar en una relación contractual con GBC.

**Sobre la cuarta causa de acción sobre sentencia declaratoria de reajuste equitativo**, el TPI señaló que las cláusulas del Contrato fueron claras y GBC se acogió a las mismas. Por lo que, no procedía el reajuste equitativo reclamado por GBC.

**En cuanto a la quinta causa de acción sobre responsabilidad por actos precontractuales**, el TPI indicó que GBC conoció del alegado incumplimiento contractual desde el 2022. De manera que, a partir de ese año comenzó a transcurrir el término prescriptivo para que GBC instara su reclamación. Al presentar su *Demanda* en el 2024, el TPI determinó que el término prescribió.

**Sobre la responsabilidad por actos post contractuales**, el TPI resolvió que no existían hechos que evidenciaran que AON frustró la ventaja de GBC con T-Mobile. Por lo que, no habían alegaciones fácticas que demostraran una conducta de mala fe, engaño, dolo ni inducción a error por parte de AON.

**Finalmente, sobre la séptima causa de acción sobre enriquecimiento injusto**, el TPI concluyó que la doctrina no era aplicable porque existía un contrato entre las partes. Que de acuerdo con el Código Civil, se cumplió con uno de los supuestos por los que no procede la restitución.

En desacuerdo, GBC compareció a este foro intermedio y planteó la comisión de los siguientes errores:

A. **Erró el Tribunal de Primera Instancia al no tomar como ciertas las alegaciones de la demanda y al no hacer las inferencias razonables correspondientes a favor de la parte promovida, pero tomó todas las aseveraciones y argumentos de la promovente de la moción de desestimación como ciertas.**

B. **Erró el Tribunal de Primera Instancia al desestimar la quinta causa de acción por responsabilidad precontractual basado en prescripción.**

AON compareció mediante escrito en oposición. Por lo que procedemos a disponer del recurso ante nuestra consideración.

**-II-**

**-A-**

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un

juicio en su fondo o en los méritos.[7] De este modo, la Regla 10.2 de Procedimiento Civil permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación.[8] Las razones para solicitar la desestimación son las siguientes: **(1)** falta de jurisdicción sobre la materia, **(2)** falta de jurisdicción sobre la persona, **(3)** insuficiencia del emplazamiento, **(4)** insuficiencia del diligenciamiento del emplazamiento, **(5)** dejar de exponer una reclamación que justifique la concesión de un remedio y **(6)** dejar de acumular una parte indispensable.[9]

El Tribunal Supremo de Puerto Rico ha reiterado las normas que rigen la desestimación de una demanda basada en el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra.* Estas son las guías a seguir:

(1) La desestimación procede cuando, de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotará la pretensión del demandante.

(2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.

(3) Los tribunales que atienden una moción basada en la Regla 10.2, *supra,* tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.

(4) Toda duda debe resolverse a favor del demandante.

(5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación.[10]

En otras palabras, a los fines de disponer de una moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*, es norma asentada que el tribunal está obligado a dar por ciertas y buenas todas las alegaciones fácticas de la demanda radicada y que

---

[7] S.*L.G. Sierra v. Rodríguez*, 163 DPR 738, 745 (2005).

[8] 32 LPRA Ap. V, R. 10.2.

[9] *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024); *González Méndez v. Acción Soc.*, 196 DPR 213, 234 (2016).

[10] *Costas Elena y otros v. Magic Sport y otros, supra,* a las págs. 533-534. Véase, *Eagle Security v. Efron Dorado et al,* 211 DPR 70, 84 (2023).

hayan sido aseveradas de manera clara.[11] Luego de ello, determinará si, a base de esos hechos que tomó como ciertos, la demanda establece una reclamación plausible que justifique la reclamación de un remedio.[12] De modo que, si al así hacerlo se establece con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que pueda ser probado en apoyo a su reclamación, procederá la desestimación solicitada.[13]

No obstante, el Tribunal Supremo de Puerto Rico ha manifestado que dicha medida procede solamente en casos extremos, pues conlleva la privación a un litigante de su día en corte.[14]

**-B-**

Es preciso recordar que en nuestra misión de hacer justicia la discreción es el más poderoso instrumento reservado a los jueces.[15] No obstante, en el ámbito del desempeño judicial, la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del derecho.[16] Más bien, se ha entendido que es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera.[17]

En nuestro rol como foro apelativo, es norma reiterada que no habremos de intervenir con el ejercicio de la discreción del tribunal de instancia, salvo en caso de un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de

---

[11] *Costas Elena y otros v. Magic Sport y otros, supra*, pág. 533; *Torres Torres v. Torres et al.*, 179 DPR 481, 501 (2010); *Perfect Cleaning v. Cardiovascular*, 172 DPR 139, 149 (2007); *Colón v. Lotería*, 167 DPR 625, 649 (2006).
[12] *Costas Elena y otros v. Magic Sport y otros, supra*, a la pág. 534.
[13] *Íd.*; *Rivera Sanfeliz et al. v. Jta. Dir. First Bank,* 193 DPR 38, 49 (2015); *Ortiz Matías et al. v. Mora Devevelopment*, 187 DPR 649, 654 (2013).
[14] *Costas Elena y otros v. Magic Sport y otros, supra,* a la pág. 534; *Rosario v. Nationwide Mutual*, 158 DPR 775, 780 (2003).
[15] *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981).
[16] *Pueblo v. Sánchez González,* 90 DPR 197, 200 (1964).
[17] *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.[18] En ese sentido, la apelación o revisión se da contra la sentencia apelada; es decir, contra el resultado y no contra sus fundamentos.[19] Lo expresado, está predicado en la premisa de que el foro apelativo no puede pretender administrar ni manejar el trámite regular de los casos ante el foro de instancia, pues no hay duda de que ese es el foro que mejor conoce las interioridades del caso y quien está en mejor posición para tomar las medidas que permitan el adecuado curso del caso hacia su final disposición.

**-III-**

En síntesis, GBC plantea que el TPI erró al no tomar como ciertas las alegaciones contenidas en su *Demanda* y no hacer las inferencias razonables a favor de la parte promovida, mas sí tomó como ciertas las alegaciones de AON. De igual modo, indicó que el TPI erró al desestimar su causa de acción sobre responsabilidad precontractual basándose en la prescripción de la causa de acción. No tiene razón.

**En primer orden**, correctamente el TPI resolvió que no hubo incumplimiento contractual por parte de AON. La parte apelante se equivoca al argüir que el propósito del Contrato era que AON lograra acceso a la gerencia de T-Mobile, a través de la relación prexistente con GBC. De hecho, en dicho Contrato, T-Mobile no aparece en ninguna parte de este. En específico, la relación contractual entre T-Mobile y AON es producto del RFP. Además, los servicios por los que T-Mobile contrató a AON no están dentro del ámbito de las comisiones pactadas en el referido Contrato; incluso, la división de dichas comisiones se acordó por el término de la duración tres (3)

---

[18] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[19] *Asoc. de Pescadores Punta Figueras, Inc. v. Marina Puerto del Rey* 155 DPR 906, 920 (2001).

años. Esto es, 2021, 2022 y 2023. Por lo que extender dicho término resulta errado.

**En segundo orden**, en virtud del Contrato, el único derecho objeto de compensación de GBC, era por la comisión que se devengara de la contratación de Cubiertas de Seguros/Productos. Lo cual, no ocurrió dentro del término de tres (3) años en que duró el referido Contrato. Por lo que, GBC no tiene derecho a remedio alguno, ya que no puede cobrar dinero por dichas prestaciones.

**En tercer orden,** las alegaciones de la causa de acción sobre sentencia declaratoria de nulidad/anulación de contrato, tampoco tiene derecho a remedio alguno. Es decir, tomando lo dicho en el párrafo anterior, razonamos que de las propias alegaciones se desprende que, si el único propósito del Contrato era entablar una relación con T-Mobile en los términos alegados por GBC, ello no se desprende del mismo. Además, nos hacemos eco del razonamiento del TPI al expresar: *…así como GBC no hubiese contratado con AON de haber conocido que una de sus afiliadas tenía una relación preexistente con T-Mobile, AON tampoco hubiese contratado con GBC.*

**En cuarto orden**, la causa de acción sobre sentencia declaratoria de reajuste equitativo, es una alegación que pasa por alto los términos y el lenguaje claro de las cláusulas del Contrato pactado.

**En quinto orden**, la causa de acción sobre responsabilidad por actos precontractuales es un reclamo extracontractual y está prescrita. GBC conoció del alegado incumplimiento contractual desde el 2022 y presentó su *Demanda* en el 2024. Por lo que partir del año 2022 comenzó a transcurrir el término prescriptivo de un (1) año para que la apelante instara su reclamación y no lo hizo.

**En sexto orden**, las alegaciones fácticas de la causa de acción sobre la responsabilidad por actos post contractuales —aún dándolas por ciertas— no presentan  hechos que de muestren que

AON frustró la ventaja de GBC con T-Mobile, mediante una conducta de mala fe, engaño, dolo o inducción a error.

**En séptimo orden**, las alegaciones sobre enriquecimiento injusto no tienen derecho a remedio alguno. La doctrina no es aplicable, pues en este caso hay un Contrato entre las partes, que cumple con los supuestos de la misma, por lo cual no procede la restitución.

En fin, analizadas las alegaciones de la demanda de forma conjunta y más favorable para GBC, quedan derrotadas por las defensas afirmativas presentadas por AON en la *Moción de Desestimación* y la *Réplica* a la *Oposición.* Razón por la cual, procedemos a confirmar la *Sentencia* apelada.

**-IV-**

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones